UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cr-00024-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JOHN CHARLES NELSON, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the government's Motion for Final Determination of Restitution. Despite having left open the issue of restitution open for briefing by the parties, defendant has not responded to the government's motion within the time allowed. See L.Crim.R. 47.1(E) (allowing 7 days for a response); see also Motion to Amend (#28) (providing a response date of 11. 12, 2105). There was no request for further hearing at sentencing or in conjunction with the instant motion. The court determines that the materials now before it, and previously, presented at sentencing, allow the court to determine the loss amount and the identity of the appropriate victim without further hearing. 18 U.S.C. § 3664(d)(4) (providing that "court may require additional documentation or hear testimony").

As to loss amount, the court has considered the government's motion and reviewed the pleadings. The court determines that the loss amount is in fact $525,000.00 based on paragraphs 13 (a summary by probation) and 16 (a summary of Mr. Wiesenfeld's report of loss) of the PSR, the Factual Basis, defendant's Objection to the PSR, and defendant's Plea. While defendant stated in his objection that he reserved the right to challenge any loss exceeding $500,000.00, the only

1

evidence of loss in this case comes from Mr. Wiesenfeld, who reported a loss of $525,000.00 by Security Networks, LLC.

As to the identity of the victim, defendant earlier argued that there is no compensable victim because Security Networks, LLC, was sold to Monitronics International, Inc., after the fraud and Monitronics cannot be a victim under the definition of "victim" provided by the MVRA. While defendant suggests that the court read the statutory definition of victim narrowly to exclude successors an assigns, such a reading would run counter to common sense and the weight of case law.

First, in a world of mergers, acquisitions, and corporate bankruptcies (sometimes caused by fraud), to read the definition of MVRA as somehow limiting a victim's right to recover to the victim's ability to remain in existence in the same form it was in when it was victimized would be akin to re-victimizing a living person who was defrauded, but was not fortunate enough to survive to recover the loss through restitution. Such a result would be absurd. Here, the amount of the fraud was an "asset" of Security Networks (however improbable that concept may seem), which would have been conveyed to its successor, Monitronics International, Inc. While the government was unsuccessful in securing cooperation from Monitronics, the court finds that as the successor to the defrauded entity, Monitronics is entitled to recover such loss based on a preponderance of the evidence.

While the government cites to Form 10-Q for the proposition that Monitronics acquired Security Networks and that it assumed its "commitments, contingencies, and other liabilities," Motion (#28) at footnote 2, this argument is problematic because the amount of fraud loss is an asset not a *liability* of a company and the government, while apparently providing the 10-Q document to defendant in discovery, has not provided it to the court. Thus, the court has

undertaken a review of documents kept by the SEC, a government agency that keeps Forms 10-Q as part of its regular business. The court has independently accessed the cited Form 10-Q from the SEC website, which provides in relevant part that

> On July 10, 2013, the Company entered into a securities purchase agreement with certain funds affiliated with Oak Hill Capital Partners, certain other holders and for the limited purposes set forth therein, Ascent Capital (the "Agreement"), pursuant to which the Company will directly and indirectly acquire all of the equity interests of Security Networks, LLC ("Security Networks") and certain affiliated entities (the "Security Networks Acquisition").

http://www.sec.gov/Archives/edgar/data/1265107/000110465913063788/a13-14687_110q.htm

Inasmuch as money owed to a company is not a liability of that company, but is instead an asset or "equity interest," the court concludes that Monitronics International, Inc., acquired the $525,000.00 "asset" of Security Networks, LLC, when it purchased such company in 2013. Thus, Monitronics International, Inc., is, for purposes of the MVRA, the actual victim in this case through acquisition.

Second, while the court appreciates the argument and reading of the definition by defendant, other provisions of the MVRA and the weight of cases that the court has reviewed suggests that a successor corporation is a "victim" under the MVRA. While the definition of victim appears constrained under 18 U.S.C. § 3663A (a)(2), MVRA goes on to provide that "[t]he order of restitution <u>shall</u> require that such defendant ….return the property to the owner of the property or <u>someone designated by the owner</u> …." 18 U.S.C. § 3663A (b)(1)(A) (emphasis added). By transferring its assets, Security Networks designated Monitronics as its successor as to whom all amounts due and owing to it would thereinafter be payable. Further, in entering into the Plea Agreement on February 19, 2014 (which occurred well after the acquisition of Security Networks was made public August 13, 2013), defendant agreed to "pay full restitution, regardless of the resulting loss amount, to all victims directly or indirectly harmed by the defendant's "relevant

conduct"...." Plea Agreement (#3) at ¶ 7(a). Finally, concluding that Monitronics is a compensable victim under the MVRA appears to be consistent with the weight of case law. See United States v. Venson, 481 F. App'x 828, 832 (4th Cir. 2012) (finding that "successor lenders are victims within the meaning of the MVRA ...."); United States v. Wallace, 451 F. App'x 523, 526 (6th Cir. 2011) (allowing restitution where the "direct victim... passes on its loss to a successor in interest"); United States v. Haddock, 50 F.3d 835, 841 (10th Cir. 1995) (holding that the bank that purchased the assets and claims of a defunct bank defrauded by the defendant was the proper recipient of restitution); United States v. Yeung, 672 F.3d 594, 602-03 (9th Cir. 2012) (affirming the district court's award of restitution to Deutsche Bank as the trustee of the investment trust that purchased the defaulted mortgage loans). Indeed, under 18 U.S.C. § 3664(g)(2), a "victim may at any time assign the victim's interest in restitution payments to the Crime Victims Fund in the Treasury without in any way impairing the obligation of the defendant to make such payments." Under the MVRA, the obligation of repayment simply does not end when a corporate victim ceases to exist, assigns the right to repayment to a third party, or when such right is acquired along with other assets by merger with or acquisition by another company.

Next, the court has considered the timeliness of the government's motion in light of the MVRA's 90-day deadline for the court to make a final determination of a victim's losses and impose restitution and in light of the guidance provided by Dolan v. United States, 560 U.S. 605 (2010). Without any explanation, the government filed its motion/brief well after the 90 days expired, but has offered no explanation for the delay. This court, nonetheless, retains the power to order restitution even after the expiration of the 90-day period where it earlier made clear that it would order restitution. Id. At sentencing, the court recalls that it made clear that an order of restitution would be applicable inasmuch as the fraud here involved substantial loss to a victim,

but that it would defer ordering restitution as the parties wished to further brief the court on defendant's theory that the acquisition of Security Networks by Monitronics "negat[ed] the applicability of restitution." Objections (#20).

***

Finally, there is some housekeeping which needs sorting. First, the court is uncertain as to whether the extensive discussion of the MVRA was necessary inasmuch as defendant did not file a response within the time allowed (see L.Crim.R. 47.1(E)) and the government's report of consultation is faulty. The defendant is reminded of its obligation to file a response or inform the court that it does not wish to file a brief. In addition, the government states in footnote 1 that it "has conferred with opposing counsel prior to filing the instant motion." Motion (#28) at f.n. 1. The government is reminded that its obligation of consultation with the other side is not satisfied by simply stating that counsel for defendant was *consulted*, but requires counsel to report the result of such consultation, to wit, whether the defendant concurs, objects, or declines to be heard. See L.Cr.R. 47.1(B); *c.f.* Motion (#28) at f.n. 2. Second, while the court has no involvement in the Plea process, it does review the Plea Agreements closely in conjunction with acceptance of Pleas and Sentencing. Here, many hours of work by the court and the parties could have been avoided had the government simply inserted the name of the successor corporation, which was known at the time of Plea, at paragraph 7(a) of the Plea Agreement, which would have eliminated the issue, as provided by 18 U.S.C. § 3663A (a)(3).

**ORDER**

**IT IS, THEREFORE, ORDERED** that the government's Motion for Final Determination of Restitution (#28) is **GRANTED**, as follows:

> (1) Having determined the amount of restitution owed and the identity of the victim, defendant shall make restitution, pursuant to 18 U.S.C. § 3663A, as

5

directed to the Clerk of Court, United States District Court, to be paid to **Monitronics International, Inc.,** in the amount of **$525,000.00**. The court gives notice that this case may involve other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered and that the court may order such payment in the future.

(2) The victim's recovery is limited to the amount of its loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

The Clerk of Court shall prepare an Amended Judgment reflecting such Order of Restitution.

Signed: November 18, 2015

Max O. Cogburn Jr
United States District Judge